## In re Gasoline Tax.

SCHNADER, Special Dep. Att'y-Gen., Feb. 6, 1929.—We have your request to be advised whether you may lawfully comply with the resolution offered by Representative Talbot on Jan. 28, 1929, calling upon you to furnish to the House of Representatives "a complete list of all dealers in liquid fuels within the Commonwealth who are delinquent in the payment to the Commonwealth of tax collected by them on liquid fuels sold by them to purchasers thereof, together with the amount due from each such dealer in so far as the same can be ascertained or computed by the Auditor General."

You call our attention to section 6 of the Act of April 14, 1927, P. L. 287, which is as follows: "The Auditor General, or any agent appointed in writing by him, is hereby authorized to examine the books and papers of any dealer or consumer, pertaining to the business made taxable by this act, to verify the accuracy of any statement or return made under the provisions of this act; but any information gained by the Auditor General, or any other person, as a result of the reports, investigations or verifications herein required to be made, shall be confidential, and any person divulging such information shall be guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars nor more than one thousand dollars, or to undergo imprisonment of not more than one year or both."

Section 6 of the Act of 1927 above quoted was unquestionably designed to prevent the Auditor General or any of his agents from disclosing to any one the detailed information which the act requires taxpayers to furnish on their reports or any detailed information which the Auditor General or his agents may obtain as the result of an examination of the books and papers of any taxpayer. It was not, however, in our opinion, the intention of the legislature

to prevent the Auditor General from disclosing the names of delinquent tax-payers or the amounts which they owe.

The law provides for the collection by legal process of amounts of tax owing by delinquents. This cannot be done without making public the names of those whom it becomes necessary to sue and the amounts of tax claimed to be due. It is no more a crime for the Auditor General to give this information to the legislature than to furnish it to the Attorney-General for the purpose of enabling him to institute court proceedings to enforce payment of the tax due.

Accordingly, we are of the opinion that section 6 of the Act of 1927 does not prevent the Auditor General from furnishing to the Legislature or to either House thereof the names of delinquent liquid fuel taxpayers and the amounts which they owe, respectively, and we advise you that you may lawfully comply with the request made in the Talbot resolution.